**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

United States of America,

      Plaintiff

v.

Pius Sushil Wilson,

      Defendant

Case No.: 2:17-cr-00306-JAD-MDC-23

**Order Denying Motions
to Vacate Sentence and
for Discovery**

[ECF Nos. 1165, 1180]

Defendant Pius Sushil Wilson, a lawful permanent resident originally from India, pled guilty in 2019 to one count of racketeering conspiracy for his role in an identity-theft organization. After delays attributable to the COVID-19 pandemic, Wilson was sentenced two years after his original plea, on September 22, 2021. On November 12, 2025, Wilson filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, claiming that his counsel failed to investigate his immigration status or advise him of the immigration consequences of his plea. He alleged that he only learned about those immigration consequences when he was about to be released from the Bureau of Prisons' custody in August 2025, but was told at that time that he was deportable because of his aggravated-felony conviction from this case. He thus contends that his motion, which was filed well outside of the applicable one-year statute of limitations, is timely.

But the government responds with incontrovertible evidence that Wilson was aware of the immigration consequences of his plea—including deportation—in 2021. So because Wilson was aware of the circumstances underlying his claims when his judgment was entered and he did not bring his § 2255 motion within a year of that judgment, I deny his motion as untimely. I also

deny Wilson's motion for discovery under the Rules Governing § 2255 Proceedings because the discovery he seeks would not change the outcome of his motion.

**Discussion**

**A.      Wilson's § 2255 motion is untimely.**

As relevant here, 28 U.S.C. § 2255(f) applies a one-year period of limitation to § 2255 motions that runs from the latest of "the date on which the judgment of conviction becomes final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[1]  A conviction is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari [is] finally denied."[2]  "The 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is discovered."[3]  Due diligence "does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances."[4]

Wilson's judgment of conviction was entered on September 24, 2021.[5]  He filed an appeal but moved to voluntarily dismiss it.  The Ninth Circuit granted that motion and dismissed the appeal on November 1, 2021.[6]  So at the latest, his conviction became final on November 1,

---

[1] 28 U.S.C. §§ 2255(f)(1) & (4).

[2] *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)).

[3] *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) (analyzing the same due-diligence standard in 28 U.S.C. § 2244, the habeas statute for state prisoners).

[4] *Id.* (cleaned up).

[5] ECF No. 960.

[6] ECF No. 982.

2021.  He thus had one year—until November 1, 2022—to file his § 2255 motion under 28 U.S.C. § 2255(f).

Wilson filed his motion more than three years after the statute of limitations expired.  But he contends that he can still bring his ineffective-assistance-of-counsel claims because he didn't "discover" them until August 2025, when he was told by his warden that he "needed to see an immigration judge due to the nature of his criminal offense" and was scheduled to appear before an immigration judge for removal proceedings.[7]  Wilson contends that his counsel didn't inform him that his conviction was for an aggravated felony that would subject him to deportation after he did his time, so the statute of limitations should run from the date he learned about the immigration consequences of his plea.

But as the exhibits to the government's response show, Wilson knew or easily could have discovered the immigration consequences of his plea as early as 2021, before he was sentenced.[8] The government produced a declaration from Wilson's attorney Todd A. Spodek, Esq., who avers that he repeatedly told Wilson, who he knew was a lawful permanent resident and not a U.S. citizen, that his plea would carry immigration consequences.[9]  In a series of 2021 messages to Wilson's wife—who often communicated with Spodek as Wilson's proxy because Wilson could not use computers as a term of his pretrial release—Spodek notified the couple that, "due

---

[7] ECF No. 1165-2 at 3.

[8] Spodek produces evidence that, in November 2019 (before Wilson's plea hearing), Spodek told Wilson's wife that at the sentencing hearing, the judge will "want to make sure that Pius is aware of any immigration issues such as deportation/exclusion from the U.S., and any other collateral consequences of a criminal conviction."  ECF No. 1171-2 at 2.  It's unclear whether that information was sufficient to alert Wilson to the immigration consequences of his conviction. But I do not dwell on this topic because Wilson was undoubtedly made aware of those consequences in 2021.

[9] ECF No. 1171-1.

3

to Puis's immigration status (legal permanent resident)[,] he will be subject to deportation," recommended an immigration attorney, and had a series of discussions concerning whether Wilson wanted to include voluntary departure from the U.S. as part of his sentence.[10]  Spodek also conveyed that he spoke with Wilson, who did not want voluntary departure included in his sentence.[11]  Wilson's wife spoke with an immigration attorney and asked Spodek questions about the possibility of getting him a visa that would prevent his removal, and Spodek told her those options weren't on the table, again confirming that, "based on Pius's current immigration status and conviction he is deportable."[12]  So it is abundantly clear that Wilson was aware of the immigration consequences of his plea in 2021 and before his judgment of conviction was entered.

In reply, Wilson focuses on the fact that there is little evidence that Spodek told him of those consequences before he signed the plea agreement in 2019.  But that's a merits question—the issue here is when Wilson knew of the facts undergirding his claims to determine when the statute of limitations ran.  And here, because Wilson learned of those facts well before his judgment of conviction was entered or his appeal was dismissed, he cannot rely on the due-diligence exception to extend his one-year limitation period.  Wilson's motion is three years late, so I deny it as untimely.

**B.     Wilson cannot show good cause to grant his motion for discovery.**

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."[13]  Under the Rules Governing § 2255 Proceedings, the

---

[10] ECF No. 1171-5 at 2.

[11] *Id.* at 3.

[12] ECF No. 1171-6.

[13] *Bracy v. Gamley*, 520 U.S. 899, 904 (1997).

court may permit discovery for good cause, and it may "direct the parties to expand the record by submitting additional materials relating to the motion."[14]  A movant may show good cause if "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."[15]

Wilson moves for discovery under Rule 6 of the Rules Governing § 2255 Proceedings, contending that he believes government counsel coached Spodek and helped him fabricate his affidavit testimony.[16]  Wilson does not contest the authenticity of the documents attached to Spodek's affidavit, which show that Spodek and Wilson's wife had several conversations about Wilson's eventual deportation because of this conviction and memorializing conversations between Spodek and Wilson about those consequences.  I conclude that Wilson hasn't shown good cause to permit discovery into his accusations.  Even if I removed Spodek's affidavit from my consideration, the evidence attached demonstrates that Wilson knew the factual bases of his habeas claims years ago, making his § 2255 motion untimely.  Any discovery into communications between government counsel and Spodek would not change that conclusion, so it would not demonstrate that Wilson is entitled to relief.  I thus deny Wilson's motion for discovery.

**C.      A certificate of appealability is denied.**

To appeal this order, Wilson needs a certificate of appealability from a circuit or district judge.[17]  In deciding whether to grant one, I consider if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

---

[14] Rules 6 & 7 of the Rules Governing § 2255 Proceedings.

[15] *Bracy*, 520 U.S. at 908–09.

[16] ECF No. 1180.

[17] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1).

that the issues presented were adequate to deserve encouragement to proceed further."[18] Although this standard is "lenient,"[19] I find that Wilson does not meet it. So I deny him a certificate of appealability.

### Conclusion

IT IS FURTHER ORDERED that Wilson's motion to set aside, vacate, or correct his sentence **[ECF No. 1165] is DENIED**. A certificate of appealability is **DENIED.**

IT IS THEREFORE ORDERED that Wilson's motion for discovery **[ECF No. 1180] is DENIED.**

The Clerk of Court is directed to **enter a separate civil judgment denying Wilson's § 2255 motion and denying a certificate of appealability.** The Clerk must also file this order and the civil judgment in this case and in the related case 2:25-cv-02282-JAD.

_____
U.S. District Judge Jennifer A. Dorsey
April 24, 2026

---

[18] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation marks omitted).

[19] *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).